**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 06-4723**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRENTON JEREL MILLER,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Margaret B. Seymour, District Judge.  (5:04-cr-01143-MBS)

───────────

Submitted:  February 21, 2007        Decided:  March 23, 2007

───────────

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Robert H. Citronberg, Atlanta, Georgia, for Appellant. Reginald I. Lloyd, United States Attorney, C. Todd Hagins, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On June 10, 2004, Trenton Jerel Miller was arrested by Orangeburg, South Carolina, authorities for disregarding a stop sign and discharging a firearm within city limits. Miller was also subsequently charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1). Miller filed a motion to suppress evidence challenging the stop and search of his vehicle. The district court denied the motion to suppress, finding that the stop was proper because Miller unlawfully ran a stop sign and the search was proper because it was necessary to ensure officer safety. Miller then entered a conditional guilty plea to being a felon in possession of a firearm and was sentenced to eighty-four months in prison. Miller then appealed the district court's denial of his motion to suppress.

This court reviews the district court's factual findings underlying a motion to suppress for clear error and reviews its legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court construes the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Miller does not dispute that Officer Bradley lawfully stopped him for running the stop sign. Rather, he claims that the

stop was executed with unreasonable force when he was ordered out of the vehicle at gunpoint, frisked, and subjected to a vehicle search. We conclude the force used to effectuate the stop of Miller's vehicle was reasonable, considering Miller's behavior, the time of day, and the fact that shots had been fired in the vicinity. See United States v. Holmes, 376 F.3d 270, 277 n.2 (4th Cir. 2004)(citing United States v. Navarrete-Barron, 192 F.3d 786, 791 (8th Cir. 1999)). We also conclude the search was proper because the officers reasonably believed "that the suspect [was] dangerous and . . . may gain immediate control of weapons." See Michigan v. Long, 463 U.S. 1032, 1049 (1983). One officer also observed an object shaped like a gun beneath a towel in the vehicle.

Based on the foregoing, we affirm Miller's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED